# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**STONEY GLENN,**
**D.O.C. # A51181,**

    **Plaintiff,**

vs.                                             **Case No. 4:20cv256-MW-MAF**

**OFFICER WILLIS,**
**and OFFICER MAXWELL,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, initiated this case on May 11, 2020, when he submitted a civil rights complaint, ECF No. 1. In late June, Plaintiff submitted a first amended complaint, ECF No. 6. In July, Plaintiff's motion for in forma pauperis status, ECF No. 7, was granted, ECF No. 11, and Plaintiff was assessed an initial partial filing fee of $9.30 which was to be paid on or before August 24, 2020. *Id.* In a subsequent Order, Plaintiff was granted an extension of time in which to pay the assessed initial partial filing fee, and directed to do so by September 21, 2020. ECF No. 14. Plaintiff was warned that if he failed to pay the fee as required, a

recommendation would be made to dismiss this case. ECF Nos. 11, 14. As of this date, Plaintiff has not complied.

Plaintiff has, however, submitted a notice of change of address, ECF No. 15, and a request to summons to be issued, among other things. ECF No. 16. Plaintiff's request states that Plaintiff "has paid the partial filing fee for this proceeding," ECF No. 16 at 1, but that has not occurred. The fee has not been received, nor has Plaintiff requested additional time in which to comply.

If Plaintiff can show that the Department of Corrections paid the fee from his inmate account by September 21, 2020, Plaintiff should file a motion for reconsideration no later than October 14, 2020. Otherwise, it appears that this case should be dismissed and all pending motions denied because Plaintiff has failed to comply with Court Orders to pay the initial partial filing fee.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua

sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply with two Court Orders and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order, and all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 29, 2020.

                                         S/    Martin A. Fitzpatrick
                                         **MARTIN A. FITZPATRICK**
                                         **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.